UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

JUAN DURAN,

                         Plaintiff,                    **REPORT AND RECOMMENDATION**
                                                                          **07 CV 1218 (NG) (LB)**

        -against-

PRIMAL WATER, INC.;
S&H UPHOLSTERY, LLC and
LASER INTERIORS, LLC,

                         Defendants.

------------------------------------------------------------X

**BLOOM, United States Magistrate Judge:**

        Plaintiff filed this *pro se* employment discrimination action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), *et seq.* ("Title VII") and the Americans with Disabilities Act of 1990, 42 U.S.C. § 12112, *et seq.* ("ADA") on March 21, 2007 against Primal Water Inc. See docket entry 1 at 1. Despite multiple efforts, plaintiff has not been able to effect service of process on defendants. Therefore, it is respectfully recommended that the Court dismiss the complaint without prejudice for plaintiff's failure to comply with Fed. R. Civ. P. 4(m).

## BACKGROUND

        On March 21, 2007, plaintiff filed a complaint against defendant Primal Water, Inc. See docket entry 1. By Order dated April 4, 2007, the Court granted plaintiff's application to proceed *in forma pauperis* and directed the United States Marshals Service ("USMS") to serve the summons and complaint upon defendant without prepayment of fees. See docket entry 3. On June 25, 2007, the summons was returned unexecuted as to Primal Water, Inc. See docket entry 5. The Court ordered plaintiff to provide an alternate address where defendant Primal Water, Inc. could be

served by July 30, 2007 or his case would be dismissed without prejudice for failure to serve defendant within 120 days pursuant to Fed. R. Civ. P. 4(m). See docket entry 6. By Order dated July 19, 2007, the Court extended plaintiff's time to provide an address for defendant Primal Water, Inc. to August 16, 2007. See docket entry 8. Plaintiff was also directed to clarify his July 11, 2007 letter which provided names and addresses of other businesses. See docket entries 7, 8. Liberally construing plaintiff's letter and giving plaintiff every benefit, on August 16, 2007, the Court directed service on the companies named in plaintiff's July 11, 2007 letter. See docket entry 9. Again, the USMS was unable to effect service and the summonses were returned unexecuted. See docket entry 11.

On June 19, 2008, the Court again extended plaintiff's time to serve his employer and directed service on defendant Primal Water, Inc. at an address listed on one of plaintiff's cancelled checks, which was annexed to a letter from plaintiff dated July 26, 2007. See docket entries 10, 12. The Court also gave plaintiff one last opportunity to provide another address where his employer could be served. See docket entry 12. The summons was returned unexecuted for the alternate address of Primal Water, Inc. See docket entry 13. On July 1, 2008, plaintiff responded to the Court's June 19, 2008 Order and listed four service addresses for his employer. See docket entry 14. The Court noted that service at three of the four addresses listed by plaintiff was previously unsuccessful but directed service at the fourth address by Order dated July 30, 2008. See docket entry 15. The summonses were again returned unexecuted. See docket entries 16, 17, 18.

## DISCUSSION

Fed. R. Civ. P. 4(m) provides:

"[i]f a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."

Fed. R. Civ. P. 4(m). Plaintiff filed his complaint on March 21, 2008. Despite several extensions of time and multiple efforts by the USMS, service could not be effected on defendants at any of the addresses provided by plaintiff. Accordingly, it is respectfully recommended that plaintiff's complaint should be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of Court. Any request for an extension of time to file objections must be made within the ten-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital District Physicians' Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Secretary of Health and Human Services, 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

LOIS BLOOM
United States Magistrate Judge

Dated: November 5, 2008
 Brooklyn, New York